UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BILL SURI,

                                Plaintiff,

      v.

UNITED STATES OF AMERICA, *et al.*,

                                Defendant.

**MEMORANDUM AND ORDER**
19-CV-0803 (LDH)(LB)

---

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff, Bill Suri, a former federal inmate, brings the instant action against Defendants the United States of America, the Bureau of Prisons ("BOP"), the Butner, North Carolina Federal Correctional Center ("FCC Butner") Warden Craig Apker, FCC Butner Unit Manager Liz Lindsley, and FCC Butner Physician Dr. Roscoe Ramsey, asserting claims under the Federal Tort Claims Act ("FCTA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. Defendants move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

## STANDARD OF REVIEW

      Dismissal of a case under Rule 12(b)(1) for lack of subject matter jurisdiction is proper where the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To put it plainly, "[i]f a court lacks subject matter jurisdiction, it must dismiss the action." *Shuford v. United States*, No. 13-cv-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014). A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint, but does not draw inferences favorable to the party asserting jurisdiction." *Foad v. Holder*, No. 13-cv-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). And a plaintiff asserting subject matter jurisdiction must prove by a

preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

## DISCUSSION

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. (*See* Defs.' June 9, 2020 Ltr. at 1, ECF No. 56.) Specifically, Defendants maintain Plaintiff failed to serve an administrative claim to the BOP stating his damages in a sum certain as required under the FTCA. (*Id*.) As such, Defendants contend that this procedural defect deprives the Court of subject matter jurisdiction. *Id*. The Court agrees.

The FTCA provides that federal district courts have "exclusive jurisdiction over claims against the United States for personal injury or death caused by the negligent or wrongful act or omission of federal employees acting within the scope of their employment." *Shuford v. United States*, 2014 WL 4199408, at *2 (quoting *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013)). But the Court lacks subject matter jurisdiction to adjudicate any FCTA claim brought by a claimant that has not exhausted all administrative remedies. 28 U.S.C. § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."). This requirement may not be waived and it is the Plaintiff's burden to establish administrative exhaustion. *Id*; *Davila v. Gutierrez,* 330 F. Supp. 3d 925, 933 (S.D.N.Y. 2018) ("The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."), *aff'd,* 791 F. App'x 211 (2d Cir. 2019).

In order to appropriately exhaust an FTCA claim, a claimant must "first present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by [that] agency in writing." 28 U.S.C. § 2675(a). The statute leaves undefined the claimant's

requirements to "present" a claim to the agency. However, the relevant federal regulation provides that, for the purposes of § 2675, "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *see also Young v. United States*, No. 12-CV-2342 ARR SG, 2014 WL 1153911, at *7 (E.D.N.Y. Mar. 20, 2014) (explaining FTCA presentation requirement). Of particularly relevance here, the Second Circuit has made clear that the requirement that a claim specify a sum certain cannot be waived. *See Adams v. United States Dep't of Housing and Urban Dev.*, 807 F.2d 318, 321 (2d Cir.1986) ("The requirement that the claim state a specific dollar sum, like other requirements imposed in a § 2675 [action], is jurisdictional and cannot be waived."); *see also Keene Corp. v. United States*, 700 F.2d 836, 841-42 (2d Cir.1983) ("[T]he statement of damages in any [§ 2675 ] Notice of Claim must contain a sum certain."). Thus, a Plaintiff's failure to meet this requirement demands dismissal of the claim. *Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 470 (E.D.N.Y. 2013) ("[T]he failure to include a sum certain precludes a finding of administrative exhaustion.").

In the instant action, Plaintiff effectively conceded that he failed to satisfy the sum certain requirement and urges a "flexible interpretation" of the requirement to avoid dismissal of his claim. (*See* Pl.'s June 9, 2020 Ltr. at 2, ECF No. 55.) However, as set forth above, the law does not allow for such flexibility. Because Plaintiff failed to properly exhaust his administrative remedies as mandated by the FTCA, his claim must be dismissed for lack of subject matter jurisdiction.

That said, "[f]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw." *Snider v. Melindez*,199 F.3d 108, 111 (2d Cir. 1999). Where, as here, "a

3

plaintiff may cure the defect by pursuing administrative procedures to their conclusion and then [should the administrative process fail to provide the desired relief] reinstituting [his] suit, dismissal without prejudice is appropriate." *Greene v. Desousa*, No. 14 Civ. 6290 (SJF) (AYS), 2016 WL 3460376, at *3 (E.D.N.Y. June 21, 2016).

## CONCLUSION

For the foregoing reasons, Defendants' 12(b)(1) motion is GRANTED. Plaintiff's claims are dismissed without prejudice.

                                                            SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       March 31, 2021                          LASHANN DEARCY HALL
                                              United States District Judge